IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

E.H.,

                Plaintiff,

     v.

BRENTWOOD UNION SCHOOL DISTRICT, et al.,

                Defendants.

No. C13-3243 TEH

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

This matter came before the Court on October 7, 2013, on Defendants' motion to dismiss. Having considered the arguments of the parties and the papers submitted, the Court now GRANTS IN PART, and DENIES IN PART Defendants' motion for the reasons set forth below.

**BACKGROUND**

Plaintiff E.H. is a disabled minor child, who suffers from autism and emotional disturbance issues. Compl., Attachment at 1 (Individualized Education Program "IEP"). He alleges that while he was a student at Loma Vista Elementary School,[1] within the Brentwood Union School District (the "District" or "BUSD), he was inappropriately restrained and subjected to harmful neglect while at school. Compl. ¶¶ 2, 18, Attachment at 1 (IEP).

---

[1] Plaintiff is no longer a student at Loma Vista Elementary, nor a student in the Brentwood Union School District. Pursuant to an agreement between the District and Plaintiff's family, he was enrolled at a non-public school beginning December 3, 2012. Compl. ¶ 39.

Specifically, Plaintiff alleges that during a period from August 17, 2011 to December 3, 2012, he was placed in "dangerous and harmful basket holds in addition to other physical restraints." *Id.* ¶ 24. In one such restraint incident, he suffered deep scratches to his neck after being restrained by Defendant Lisa Traum, his one-on-one aide. *Id.* ¶¶ 25, 36. In another incident, he was "bodily forced into the school office" whereby his feet were off the ground and he was "harmfully dragged" by both Defendant Traum and Defendant Jasmine Altman, the school psychologist. *Id.* ¶ 27. On or about October 23, 2013, Plaintiff was grabbed by his biceps and pulled in several directions by Defendant Traum and by Defendant Tim Brainerd, his second-grade teacher, at the direction of Defendant Ann Marie Maxwell, a school instructional support provider. *Id.* ¶ 38.

During the relevant time period, Plaintiff also ran away from school 29 times. *Id.* ¶ 22. During these 29 incidents, school staff placed him in physical restraints and brought him back to school. *Id.* ¶ 23. On September 10, 2012, Plaintiff ran away from school and after almost being hit by a car, he was restrained by a delivery truck driver until school personnel arrived and escorted him back to school. *Id.* ¶ 31. Plaintiff's parents were not immediately notified of this incident. *Id.* ¶ 31.

Based on the above, Plaintiff, by and through his parents, alleges the following causes of action against various school and school district officials: (1) violation of his 42 U.S.C. § 1983 right to substantive due process and freedom from unreasonable seizure; (2) violation of his 42 U.S.C. § 1983 right to equal protection; (3) violation of § 504 of the Rehabilitation Act, 29 U.S.C. § 794; (4) violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*; (5) assault; (6) battery; (7) negligence; and (8) intentional infliction of emotional distress. He seeks damages and injunctive relief in the form of requiring training of school district employees in appropriate restraint techniques.

Defendants move to dismiss each of Plaintiff's causes of action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." In ruling on a motion to dismiss, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

A Rule 12(b)(6) dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not equate to probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal of claims that fail to meet this standard should be with leave to amend unless it is clear that amendment could not possibly cure the complaint's deficiencies. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998).

**DISCUSSION**

**I.     42 U.S.C. § 1983**

Plaintiff brings three separate claims pursuant to 42 U.S.C. § 1983 against all the individual Defendants in this case. He alleges they violated his rights to substantive due process under the Fourteenth Amendment, freedom from unreasonable seizure under the Fourth Amendment, and equal protection under the Fourteenth Amendment. Defendants argue that he fails to state a claim under any of those constitutional provisions.

**A.     Substantive Due Process**

Defendants argue that Plaintiff does not state a viable Fourteenth Amendment substantive due process claim because his allegations relating to restraints and the use of force against students must be analyzed under the Fourth Amendment. Defendants are correct that the constitutionality of the use of force by school officials against students is evaluated under the Fourth Amendment's seizure prong. *See Doe v. Hawaii Dep't of Educ.*, 334 F.3d 906, 908-09 (9th Cir. 2003) (acknowledging the earlier applicability of substantive due process, but holding that the Fourth Amendment should be applied to searches and seizures in the school context). Thus, insofar as Plaintiff's allegations relate to the school's use of force or restraints, they fail to state a claim under substantive due process.

Plaintiff's only allegation that does not relate to the school's use of force or restraints is that Defendants "interfered with the parent child relationship by concealing information regarding physical and emotional trauma inflicted upon E.H." and thereby interfered with "Plaintiff's rights to provide and receive nurture, support and comfort regarding highly traumatic events," Compl. ¶ 50. Although the Ninth Circuit has recognized a Fourteenth Amendment "due process" right flowing from the parent-child relationship, such a right is only considered impaired in situations such as the death of a child, the loss of parental rights, or the loss of contact or custody with the child. *Kelson v. City of Springfield*, 767 F.2d 651, 654-55 (9th Cir. 1985); *see also Ram v. Rubin*, 118 F.3d 1306, 1310 (9th Cir. 1997) (involving social services' removal of child from parental custody). As Plaintiff's allegations fall far short of a termination of parental rights or denial of custody, Plaintiff has failed to state a claim for a violation of any parent-child substantive due process right. *See Harry A. v. Duncan*, 351 F. Supp. 2d 1060, 1066-69 (D. Mont. 2005) (noting that *Kelson* only "protect[s the] right to be free from termination of the parent-child relationship or [interference] so intrusive as to be the equivalent of termination").

Accordingly, Defendants' motion to dismiss the Fourteenth Amendment substantive due process portion of Plaintiff's first cause of action is GRANTED. At oral argument, Plaintiff's counsel could offer no example of a parent-child interference constituting a substantive due process violation that Plaintiff could allege if given leave to amend. Therefore, the dismissal is with prejudice.

### B. Unreasonable Seizure

Defendants argue that Plaintiff's Fourth Amendment claims regarding the neglect and restraints he suffered are conclusory, and after eliminating the conclusory allegations, the complaint fails to state claim. Although the complaint does frequently describe the restraints Plaintiff suffered as "unlawful," "harmful," or "inappropriate," even without these conclusory terms, Plaintiff still alleges sufficient facts in his pleadings to state a claim for relief against Defendants Brainerd, Plaintiff's second-grade teacher; Maxwell, a school instructional support provider who worked with Plaintiff; Traum, a one-on-one paraprofessional assigned to Plaintiff; and Altman, a school psychologist who worked with Plaintiff.

A seizure violates the Fourth Amendment if it is objectively unreasonable under the circumstances. *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002). In *New Jersey v. T.L.O.*, 469 U.S. 325, 342 (1985), the Court explained that to avoid Fourth Amendment violations, school officials' actions must not be "excessively intrusive in light of the age and sex of the student and the nature of the infraction." Plaintiff here describes that he was "physically restrained by Mrs. Altman and Ms. Traum using . . . non-certified interventions," Compl. ¶ 30; that he received "deep scratches [on] his neck" at the hands of Defendant Traum, *Id.* ¶¶ 25, 36; that he was "dragged" by Defendants Altman and Traum, *Id.* ¶ 27; and that he was grabbed "by his biceps" and lifted off the ground by Defendants Brainerd and Traum, at the direction of Defendant Maxwell, *Id.* ¶ 38. The Court finds that these non-conclusory allegations are sufficient to at least state a claim against Defendants Brainerd, Altman, Traum, and Maxwell for an "excessively intrusive" seizure under the Fourth Amendment.

5

1   Defendants maintain that there is an "obvious alternative explanation" for why
2   Plaintiff was restrained – his outbursts and the subsequent need to control him. While
3   discovery may reveal that the school officials' actions were justified, based on the
4   pleadings alone, it is *plausible* that the officials' actions were excessive.

5   As to the remaining Defendants, Laurie James, Principal at Plaintiff's school;
6   Margo Olson, BUSD's Director of Special Education; Jan Steed, BUSD's Director of
7   Student Services; and Merill M. Grant, BUSD Superintendent (hereinafter the
8   "Supervisory Defendants"), however, Plaintiff's claims are insufficient. Under § 1983, a
9   supervisor cannot be liable under a simple *respondeat superior* theory. *Iqbal*, 556 U.S. at
10  676. Rather, a plaintiff must plead that a supervisor, by his or her "own individual
11  actions," violated the constitution. *Chavez v. United States*, 683 F.3d 1102, 1109 (9th Cir.
12  2012) (quotation marks and citation omitted). Specifically, the plaintiff must "allege
13  sufficient facts to plausibly establish the defendant's knowledge of and acquiescence in the
14  unconstitutional conduct of his subordinates." *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th
15  Cir. 2012) (quotation marks and citation omitted).

16  Here, Plaintiff describes the general duties of the Supervisory Defendants, but fails
17  to allege that they had knowledge of, or in any way participated in, the actions taken
18  against him. Merill M. Grant, the District Superintendent, is described as the person
19  "responsible for ensuring compliance with laws relating to the safe guarding of students."
20  Compl. ¶ 2. Margo Olson, the District's Director of Special Education, is described as the
21  person "responsible for behavioral interventions for students." *Id.* ¶ 6. Jan Steed, the
22  District's Director of Student Services, is alleged to be the person "responsible for
23  interventions for students who have behavioral issues." *Id.* ¶ 5. Laurie James, the school
24  Principal, "was responsible for behavior interventions at the school site." *Id.* ¶ 7. While
25  James is described as having once driven a car to retrieve Plaintiff when he ran away,
26  James is never mentioned as either having knowledge of or having participated in the
27  allegedly harmful conduct against Plaintiff. Nor are Olson, Steed, and Grant. Absent such
28  allegations, the complaint fails to state a claim under § 1983 against Defendants James,

United States District Court
Northern District of California

Olson, Steed and Grant.

Accordingly, Defendants' motion to dismiss the Fourth Amendment unreasonable seizure prong of Plaintiff's first cause of action is DENIED as to Defendants Brainerd, Traum, Altman, and Maxwell, and GRANTED as to Supervisory Defendants, James, Olson, Steed and Grant. At oral argument, Plaintiff's counsel could offer no additional allegations that would make out a claim against the Supervisory Defendants; therefore, the dismissal is with prejudice.

### C. Equal Protection

Plaintiff alleges that Defendants violated his equal protection rights by harmfully restraining him in a manner that they would not use on students who do not have disabilities. Defendants argue that Plaintiff's allegations fail to make out an equal protection claim because he does not make an appropriate comparison to a similarly situated class of persons.

The first step in an equal protection claim based on disability is to establish that the plaintiff was treated differently from similarly situated persons. *Pierce v. County of Orange*, 526 F.3d 1190, 1225 (9th Cir. 2008). Disabled and non-disabled persons may be similarly situated with respect to certain kinds of claims but not as to others. *Id.* Relevant here, Plaintiff's disability made him prone to "engaging in behavioral excesses, making vocal noises . . . [and] refusing to comply," and the restraints he endured were in response to these very behaviors. Compl. ¶ 60-61. As the restraints at issue were connected to specific behaviors, similarly situated persons would be those who, like Plaintiff, also engaged in behavioral excesses, including refusal behavior. Plaintiff does not allege that he was treated differently than a non-disabled student who engaged in the type of behaviors that he did, therefore, he fails to state an equal protection claim. At oral argument, Plaintiff did not argue that he could make such a claim if given leave to amend. Accordingly, Defendants' motion to dismiss Plaintiff's second cause of action alleging a violation of equal protection is GRANTED, and the dismissal is with prejudice.

## II. Section 504 of the Rehabilitation Act

Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (as amended), prohibits any otherwise qualified disabled individual from being "subject to discrimination under any program or activity receiving Federal financial assistance." Plaintiff alleges that by failing to investigate his injuries and prevent them from happening, Defendant BUSD "den[ied] E.H. the benefits of receiving full and equal access to public education programs and activities offered within the School District because E.H. is an individual with a disability." Compl. ¶¶ 69-71. Claims regarding free and equal access to public education ("FAPE" claims) are often brought under the Individuals with Disabilities Education Act ("IDEA"); however, there is no rule that prevents such claims from also being brought under § 504 of the Rehabilitation Act. Nevertheless, Defendants move to dismiss, arguing that Plaintiff should have exhausted his remedies under the IDEA because his claim was premised on FAPE.

IDEA exhaustion of remedies is only required in a FAPE claim under the Rehabilitation Act if the relief sought is also available under the IDEA. *Payne v. Peninsula Sch. Dist.*, 635 F. 3d 863, 875 (9th Cir. 2011). Here, Plaintiff seeks damages, which are not available under the IDEA. *See Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 936 (9th Cir. 2007). Plaintiff and the District reached an agreement whereby he was transferred to a private facility better able to address his needs, thus there is nothing in the way of educational placement that the IDEA could offer him. Following the relief-centric approach outlined in *Payne*, because Plaintiff does not seek relief available under the IDEA, he was not obligated to exhaust his IDEA remedies.

Defendants also move to dismiss Plaintiff's Rehabilitation Act claim arguing that his allegations are conclusory and therefore fail to state a plausible claim for relief. Once again, although the complaint includes some conclusory language describing Defendants' conduct as "unlawful" and "inappropriate," it also describes Defendants' conduct in other non-conclusory and specific ways. For example, the complaint alleges discrimination in the form of school staff scratching Plaintiff, grabbing him, and dragging him in direct

8

1  response to the manifestations of his disability. Compl. ¶¶ 24, 25, 27. These are not
2  merely a "formulaic recitation of the elements of a [§ 504] claim," as Defendants describe
3  it. And although the referenced allegations relate to individual Defendants' conduct, the
4  District may be liable under a theory of *respondeat superior* under the Rehabilitation Act.
5  *See Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1141 (9th Cir. 2001). The Court thus finds
6  Plaintiff's allegations sufficient to state a claim for discrimination under Rehabilitation Act
7  against BUSD.
8  Accordingly, Defendants' motion to dismiss Plaintiff's third cause of action,
9  premised on the Rehabilitation Act, is DENIED.

### III. Title II of the Americans with Disabilities Act

Plaintiff alleges that by failing to ensure his schooling was free of aggression and abuse, Defendant BUSD failed to ensure he had access to services in an equal manner as non-disabled students and thereby violated Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.* Defendant BUSD contends that it is immune from ADA liability under the Eleventh Amendment.

The Eleventh Amendment bars suits against states by citizens. *Hans v. Louisiana*, 134 U.S. 1 (1890). For purposes of Eleventh Amendment state sovereign immunity, California schools districts are considered state agencies and therefore immune from suit. *Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 254 (9th Cir. 1992). Title II of the ADA, however, may abrogate Eleventh Amendment immunity if the conduct underlying the Title II claim also constitutes a constitutional violation. *United States v. Georgia*, 546 U.S. 151, 156 (2006). To determine if immunity is abrogated, courts are to determine, on a claim-by-claim basis: (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Constitution; and (3) insofar as such misconduct violated Title II but did not violate the Constitution, whether Congress's purported abrogation is nevertheless valid. *United States v. Georgia*, 546 U.S. 151, 159 (2006).

9

Applying the *Georgia* test here, Plaintiff alleges that BUSD violated Title II by failing to ensure that Plaintiff's schooling was free of aggression and abuse by staff. As to the second prong regarding constitutional violations, although Plaintiff does allege Fourth Amendment violations, those claims are only against the individual Defendants, not the District. To state a claim against the District under the Fourth Amendment, he must allege that: (1) the person who inflicted the constitutional harm was acting pursuant to an official District policy, practice or custom; or that (2) the District failed to adequately train or supervise its employees. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988). Plaintiff does neither; he argues only that the District did not investigate or address the individual Defendants' conduct. Compl. ¶ 82. Because Plaintiff does not allege that the District violated the Constitution, he fails to satisfy the first and second prongs of the test. *See, e.g.*, *Morris v. State Bar of Calif.*, No. 07-cv-2890, 2008 WL 4067448, at *5 (N.D. Cal. Aug. 22, 2008) (noting that under *United States v. Georgia*, Plaintiff must "allege conduct that violates the Fourteenth Amendment, if his ADA claims . . . are to fall outside the boundaries of Eleventh Amendment immunity"). Regarding the third prong, there is no evidence that sovereign immunity should otherwise be abrogated. Because Plaintiff fails to satisfy the *Georgia* test, BUSD is immune from Plaintiff's ADA claims.

Accordingly, Defendants' motion to dismiss Plaintiff's fourth cause of action, premised on the ADA, is GRANTED. Because Plaintiff's counsel suggested at oral argument that there may be a failure to train or supervise claim underlying Plaintiff's complaint, the dismissal is without prejudice. Should Plaintiff choose to amend his complaint, he should do so within 21 days from the filing of this order.

### IV. State Law Claims

#### A. Assault and Battery

Plaintiff asserts an assault claim against Defendants Maxwell, Traum and Brainerd and a battery claim against the same Defendants in addition to Defendant Altman. Defendants move to dismiss both causes of action arguing that the pleadings fail to put

10

forth sufficient facts to state a claim for relief.

"An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Cal. Penal Code § 240. "A battery is any willful and unlawful use of force or violence upon the person of another." Cal. Penal Code § 242. To support his claims for assault and battery, Plaintiff alleges that Defendant Traum scratched him, that Defendants Traum and Altman restrained him causing him physical harm, and that Defendants Brainerd and Traum grabbed him and pulled him at the direction of Defendant Maxwell. Compl. ¶¶ 36, 30, 38. The complaint thus contains sufficient facts at this stage regarding violent injury and force to survive a motion to dismiss, and Defendant's motion to dismiss the Plaintiff's corresponding fifth (assault) and sixth (battery) causes of action is DENIED.

**B.   Negligence and Intentional Infliction of Emotional Distress**

Plaintiff also asserts a claim for negligence and a claim for intentional infliction of emotional distress ("IIED") against all the Defendants in this case. Defendants argue that BUSD is immune from suit on these state law causes of action because of Eleventh Amendment state sovereign immunity; and that BUSD did not owe any duty to E.H. such that negligence can be alleged. The remaining individual Defendants also challenge the sufficiency of Plaintiff's pleadings.

As discussed above, BUSD is a state agency and therefore immune from suit by operation of the Eleventh Amendment. Relying on *Ex Parte Young*, 209 U.S. 123 (1908), Plaintiff argues that because he seeks injunctive relief in the form that BUSD provide proper restraint training to its personnel, his action is not barred by state sovereign immunity. Even assuming his argument is correct, Plaintiff is no longer a BUSD student, so he lacks standing to seek such relief. *See Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1099 (9th Cir. 2000) (holding that a student who graduated, and was therefore no longer enrolled at school, could not seek declaratory or injunctive relief against the school).

11

Because BUSD is immune from suit under the Eleventh Amendment, Defendants' motion to dismiss the negligence (seventh) and IIED (eighth) causes of action against BUSD is GRANTED. Moreover, the dismissal is with prejudice because BUSD's immunity is clearly established and no amendment to the complaint could resolve the matter differently. As Plaintiff's claim against BUSD is properly dismissed due to sovereign immunity, the Court declines to consider the arguments relating to BUSD's duty.

Regarding the negligence and IIED claims against the remaining individual Defendants, the elements of a cause of action for negligence are "(a) a legal duty to use due care; (b) a breach of such legal duty; and (c) the breach as the proximate or legal cause of the resulting injury." *Ladd v. Cnty. of San Mateo*, 12 Cal. 4th 913, 917 (1996) (internal quotation marks omitted). A cause of action for IIED exists when there is "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). Plaintiff alleges that Defendant Traum scratched him, that Defendants Traum and Altman dragged him, and that Defendants Brainerd and Traum grabbed him and pulled him at the direction of Defendant Maxwell. Compl. ¶¶ 36, 30, 38. The complaint also alleges that "[a]s a proximate result . . . [Plaintiff] has suffered physical injury and pain and emotional distress and suffering." Compl. ¶ 40. The Court finds that these allegations are sufficient to state claims for both negligence and IIED against Defendants Brainerd, Traum, Altman, and Maxwell.

Moreover, under common law principles of a duty of care, supervisory officials may be vicariously liable for the conduct of their subordinates. *See C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal. 4th 861, 871 (2012) (finding that supervisory personnel could be vicariously liable and noting that "public school personnel may be individually liable for their negligent failure to protect students from harm at others' hands").

Therefore, the complaint also states a claim as to the Supervisory Defendants, James, Olson, Grant, and Steed.

Accordingly, Defendants' motion to dismiss the negligence (seventh) and IIED (eighth) causes of action is GRANTED with prejudice as to Defendant BUSD but DENIED as to the individual Defendants, James, Olson, Grant, Steed, Brainerd, Traum, Altman and Maxwell.

**CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss is GRANTED without leave to amend as to the following claims: § 1983 right to substantive due process; § 1983 right to freedom from unreasonable seizure as to the Supervisory Defendants; § 1983 right to equal protection; negligence as to BUSD; and IIED as to BUSD. The motion is GRANTED with leave to amend as to the Title II ADA claim. Defendants' motion is DENIED as to all other claims and defendants.

Any amended complaint shall be filed by Plaintiff on or before **November 25, 2013**.

**IT IS SO ORDERED.**

Dated:   11/04/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT